ORANGE & DOMESTIC LAUNDRY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8554.        Promulgated March 30, 1927.

Petitioner in the conduct of its business occupied real estate owned by its sole stockholder. It neither paid nor offered proof of any obligation to pay rent to the owner of the land for the taxable year. *Held*, petitioner is not entitled to a deduction for claimed rental value of the land occupied.

*John A. Bigelow, Esq.*, and *E. R. Burt, C. P. A.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the fiscal year ended March 31, 1919, in the amount of $2,301.03.

### FINDINGS OF FACT.

Petitioner was incorporated under the laws of the State of New Jersey on July 21, 1914, and during the taxable year was engaged in the business of operating a laundry.

In April, 1912, Sarah E. Gill inherited from her husband a laundry business in Orange, N. J., and the real estate in which the business was conducted. She continued to carry on the business as an individual until July 21, 1914, when she transferred it to the petitioner corporation, which had been organized for the purpose of taking over the going business. She became and continued to be the sole stockholder of that company. In 1920 the corporation was dissolved and Mrs. Gill again became the owner of the laundry business and since that time has carried it on as an individual.

Throughout the whole life of the corporation Mrs. Gill remained the owner of the real estate which was occupied by the corporation in the carrying on of its business. No formal lease or rental agreement was made by Mrs. Gill with the petitioner with reference to the occupancy of the real estate, nor was any agreement made between the parties as to the payment of any rent for the occupancy of the building or that the petitioner should have the use of the real estate without the payment of rent. The books of the corporation disclose that under date of June 2, 1916, Mrs. Gill was credited with $750 for rent and immediately thereafter she received $250 a month for seven or eight months. No rent was paid to her subsequent to that time. During the taxable year no rent was paid by the corporation, no item of rent was entered on the books of the corporation, nor was any rent paid subsequently covering the taxable year ended March 31, 1919.

During the taxable year petitioner paid insurance on the building amounting to $312.55 and taxes amounting to $390.06, which sums were charged to Mrs. Gill's account on the books of the corporation.

### OPINION.

ARUNDELL: Petitioner urges that it be permitted to deduct as an ordinary and necessary expense the sum of $3,000, representing what it contends to be the reasonable rental value of the real estate occupied by it and owned by its sole stockholder. The only evi-

dence of the rental value of the premises offered was the amount paid to Mrs. Gill for a few months in an earlier year. During the taxable year petitioner neither paid nor entered on its books an amount evidencing that it owed rent, and in fact it never did at a later date pay any amount to its sole stockholder for the use of the real estate occupied by it. Section 234(a)(1) of the Revenue Act of 1918 provides that in computing the net income of a corporation there shall be allowed as a deduction " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * including rentals or other payments required to be made as a condition to the continued use or possession of the property * * *." The amount sought to be deducted in the instant case as rental for the buildings occupied by petitioner was not paid nor was there any obligation incurred to pay $3,000 to Mrs. Gill during the taxable year.

*Judgment will be entered for the respondent.*